# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Lexington Division

| | |
|---|---|
| Kevin Cook )<br>   *Plaintiff* )<br> )<br>v. )<br> )<br>LVNV Funding, LLC )<br>   *Defendant* )<br>Serve: )<br>   Corporation Service Co. )<br>   2711 Centerville Road )<br>   Suite 400 )<br>   Wilmington, DE 19808 )<br> ) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

2. Defendant LVNV Funding, LLC filed suit against Plaintiff Kevin Cook in Madison Circuit Court on December 7, 2011. Mr. Cook does not live in Madison County. Mr. Cook lives in Garrard County, KY. LVNV transferred the case to Garrard Circuit Court on July 2, 2012. Mr. Cook first learned that LVNV had filed suit against him when, sometime in August 2013 when he received in the mail the trial court's notice to dismiss for lack of prosecution.

3. LVNV's state-court complaint alleges that LVNV purchased a charged-off Citibank credit card debt and that Mr. Cook is indebted to LVNV "in the sum of $7,016.25, plus accrued interest in the amount of $.00, together with interest at the annual rate of 8% from November 11, 2007, until the date of judgment." The Citibank debt refers to a Sears-branded credit card that appears on Mr. Cook's credit report. Mr. Cook's credit report notes that the account went into default in May of 2007 and was charged off in the amount of $7,016 in November of 2007. Citibank sold or transferred the debt in April of 2008. So LVNV is retroactively adding interest to Mr. Cook's debt that Citibank did not impose or accrue. LVNV has no legal right to collect this retroactive interest. These and other acts violate the FDCPA.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4. Plaintiff, Kevin Cook, is a natural person who resides in Garrard County, Ky. Mr. Cook is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant, LVNV Funding, LLC ("LVNV"), is a foreign limited liability company, which is not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. LVNV's principal place of business is Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

6. LVNV regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. Defendant LVNV Funding, LLC filed suit against Plaintiff Kevin Cook in Madison Circuit Court on December 7, 2011.

8. Mr. Cook does not live in Madison County. Mr. Cook lives in Garrard County, KY.

9. LVNV transferred the case to Garrard Circuit Court on July 2, 2012.

10. Mr. Cook first learned that LVNV had filed suit against him when, sometime in August 2013, he received in the mail the trial court's notice to dismiss for lack of prosecution.

11. LVNV's state-court complaint alleges that LVNV purchased a charged-off Citibank credit card debt and that Mr. Cook is indebted to LVNV "in the sum of $7,016.25, plus accrued interest in the amount of $.00, together with interest at the annual rate of 8% from November 11, 2007, until the date of judgment."

12. The Citibank debt refers to a Sears-branded credit card that appears on Mr. Cook's credit report. Mr. Cook's credit report notes that the account went into default in May of 2007 and was charged off in the amount of $7,016 in November of 2007.

13. Mr. Cook used his Citibank/Sears credit card for personal or household purposes making it a "debt" within the meaning of the FDCPA.

14. Citibank sold or transferred Mr. Cook's debt to LVNV in April of 2008.

15. Upon information and belief, the amount owed on Mr. Cook's debt was $7,016 on the date that Citibank/Sears sold or transferred the debt.

16. So LVNV's state-court complaint includes an allegation that Mr. Cook owes LVNV's prejudgment interest for approximately four months in which Citibank/Sears did not

accrue or impose any interest on the debt.

17. LVNV is not reporting any negative information to consumer reporting agencies concerning Mr. Cook in connection with the Citibank/Sears debt.

18. LVNV, however, is reporting negative information concerning Mr. Cook in connection with a debt originated by General Electric Capital Corp. ("GE").

19. GE is not reporting any negative information concerning Mr. Cook on his credit report.

20. LVNV is reporting on Mr. Cook's credit report that the original amount of the GE debt was $257 as of the account opening date of October 2008 and that $504 is the amount due as of August 2018.

21. In less than five years, LVNV almost doubled the amount due on the GE debt.

22. Mr. Cook does not know if he responsible for the GE debt.

23. Upon information and belief, the GE debt was used to purchase goods and services for household and/or personal purposes making it a "debt" within the meaning of the FDCPA.

24. Upon information and belief, LVNV has neither a contractual nor statutory right to charge the interest and/or fees it has imposed and accrued on the GE debt.

### Claims for Relief: Violation of the Fair Debt Collection Practices Act

25. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including, but not limited to:

   **a.** Violation of 15 U.S.C. §1692e(2)(A): LVNV falsely represented the amount owed on the Citibank and GE debts by adding interest or fees to the debts that LVNV had no legal right to collect from Mr. Cook;

   **b.** Violation of 15 U.S.C. §1692e(5): LVNV attempted to collect interest on the Citibank and GE debts that LVNV had no legal right to collect from Mr. Cook thereby threatening to take an action that cannot legally be taken;

   **c.** Violation of 15 U.S.C. §1692e(10): LVNV falsely represented the amount owed on the Citibank and GE debts by adding interest or fees to the debts that LVNV had no legal right to collect from Mr. Cook;

   **d.** Violation of 15 U.S.C. § 1692f(1): LVNV attempted to collect an amount not "authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) by, including but not limited to attempting to collect interest and/or fees on the Citibank and GE debts that LVNV has neither a contractual nor statutory right to

collect; and

  **e.** Violation of 15 U.S.C. § 1692i(a)(2): LVNV filed suit against Mr. Cook in venue where Mr. Cook does not reside and in which he did not sign any agreement with either Citibank or GE.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kevin Cook, requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs; and

4. Such other relief as may be just and proper.

      Respectfully submitted,

      /s/ James R. McKenzie
      **James McKenzie**
      *James R. McKenzie Attorney, PLLC*
      4055 Shelbyville Road, Suite B
      Louisville, KY 40207
      Tel: (502) 371-2179
      Fax: (502) 257-7309
      jmckenzie@jmckenzieatty.com

      **James H. Lawson**
      *Lawson at Law, PLLC*
      4055 Shelbyville Road
      Suite B
      Louisville, KY 40207
      Tel: (502) 473-6525
      Fax: (502) 473-6561
      james@kyclc.com